JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Conservatorship of:<br><br>NATE TSEGLIN,<br><br>Conservatee. | Case No.  SACV 17-00162-DOC-KESx<br><br>ORDER REMANDING CASE<br>TO STATE COURT |

The Court <u>sua sponte</u> REMANDS this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below.

**I.**

**BACKGROUND**

Ilya and Riva Tseglin are the parents of Nate Tseglin, an adult with developmental disabilities.  (Dkt. 1 at 9.)  According to the online records of the Orange County Superior Court[1] of which this Court may take judicial notice, litigation was initiated back in 2007 to appoint a conservator for Nate.  After proceedings in 2008 and 2009, Nate's parents were appointed his conservators.

In 2012, the case was transferred from San Diego to the Orange County Superior Court ("OCSC") and assigned case no. A246780.

---

[1] <u>See</u> https://ocapps.occourts.org

1

In 2013, the California Department of Development Services ("Department") filed a petition to remove Nate's parents as his conservators. (Dkt. 1 at 8-9.) The matter was tried in July 2015. (Id. at 9.) The OCSC ruled in favor of the Department, removing Nate's parents as his conservators and appointing the Department's Director as a limited successor conservator. (Id.) Ilya and Riva Tseglin appealed, but upon exhausting their appeals through the California Supreme Court, the OCSC's decision removing them as Nate's conservators became final in August 2015.

After that, Nate's adult brother, Robert Tseglin, filed a number of matters attempting to challenge the OCSC's decision. (Id. at 9-11.) In July 2016, the OCSC deemed Robert a vexatious litigant. (Id. at 1     1.)

Less than two weeks after Robert was deemed a vexatious litigant, Ilya Tseglin began filing ex parte applications and other matters in OCSC case no. A246780. (Id.) As a result, on January 9, 2017, the Department filed a motion to have Ilya deemed a vexatious litigant. (Id. at 5.) The motion is scheduled for a hearing on February 6, 2017. (Id.)

## II.

## NOTICE OF REMOVAL

On January 30, 2107, Ilya Tseglin ("Removing Party") filed a notice of removal seeking to remove OCSC case no. A246780 to federal court. (Dkt. 1 at 1-3.) He contends that federal question jurisdiction exists under 28 U.S.C. § 1331 because the Department's motion to have him deemed a vexatious litigant is an attempt to deny him rights guaranteed by the First Amendment of the U.S. Constitution, i.e., his right to petition the government for a redress of grievances. (Id. at 1.)

## III.

## DISCUSSION

"The right of removal is entirely a creature of statute and 'a suit commenced

2

in a state court must remain there until cause is shown for its transfer under some act of Congress.'"  Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction.  Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013).  The removing defendant bears the burden of establishing federal jurisdiction.  Abrego v. Dow Chemical Co., 443 U.S. 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67.  "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Protection, 537 U.S. at 33.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

## A.    **Federal Question Jurisdiction.**

The underlying action is a conservatorship action arising under and governed by the laws of the State of California.  Removing Party failed to attach to his Notice

3

of Removal a copy of the case-initiating document for OCSC case no. A246780.[2] Instead, he has attached a copy of the Department's vexatious litigant motion which he contends is the trigger for removal.

The Department's vexatious litigant motion does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  It is based on California's vexatious litigant statutes at California Code of Civil Procedure § 391 et seq.  (Dkt. 1 at 6, 12-14.)

Removing Party apparently intends to oppose the Department's motion by arguing that granting it would violate his First Amendment rights.  Regardless of the merits[3] of such an argument, affirmative defenses or counterarguments based on federal law do not provide a basis to remove an action to federal court.  "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  An "affirmative defense based on federal law" does not "render[] an action brought in state court removable."  Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994).  A "case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983).

Removing Party has failed to establish a basis for federal question

---

[2] The failure to attach the original complaint, as required by 28 U.S.C. § 1446(a), is a non-jurisdictional procedural defect and cannot, alone, provide the basis for the district court to remand sua sponte.  Chiang v. Otis Elevator Co., 92 F. App'x 428 (9th Cir. 2004) citing Kelton Arms Condominium Owners Association, Inc. v. Homestead Insurance Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003).

[3] Both California courts and the Ninth Circuit has previously ruled that California's vexatious litigant statutes are constitutional.  Wolfe v. George, 486 F.3d 1120, 1125 (9th Cir. 2007).

1  jurisdiction.

2  **B.  <u>Diversity Jurisdiction.</u>**

3      Removing Party cites 28 U.S.C. § 1441(b) as a basis for removal.  (Dkt. 1 at

4  1.)  Section 1441(b) provides for removal "based on diversity of citizenship."

5      There is also no basis for diversity jurisdiction.  Every defendant is not

6  alleged to be diverse from every plaintiff.  28 U.S.C. § 1332(a).  To the contrary, it

7  appears that both the Department and Removing Party are citizens of California.

8  Removing Party has not attached any pleadings setting forth the amount in

9  controversy or made any allegation, let alone shown by a preponderance of the

10 evidence, that the $75,000 amount in controversy requirement has been met.  <u>Id.</u>;

11 <u>Abrego</u>, 443 F.3d at 683.

12 **C.  <u>Jurisdiction under 28 U.S.C. § 1343.</u>**

13     Removing Party cites 28 U.S.C. § 1343 as a basis for this Court's original

14 jurisdiction and, therefore, removal.  (Dkt. 1 at 1.)  Section 1343(a) provides in full

15 as follows:

16     (a) The district courts shall have original jurisdiction of any civil

17     action authorized by law to be commenced by any person:

18      (1) To recover damages for injury to his person or property, or

19     because of the deprivation of any right or privilege of a citizen of the

20     United States, by any act done in furtherance of any conspiracy

21     mentioned in section 1985 of Title 42;

22      (2) To recover damages from any person who fails to prevent or to

23     aid in preventing any wrongs mentioned in section 1985 of Title 42

24     which he had knowledge were about to occur and power to prevent;

25      (3) To redress the deprivation, under color of any State law, statute,

26     ordinance, regulation, custom or usage, of any right, privilege or

27     immunity secured by the Constitution of the United States or by any

28     Act of Congress providing for equal rights of citizens or of all persons

1     within the jurisdiction of the United States;

2      (4) To recover damages or to secure equitable or other relief under

3     any Act of Congress providing for the protection of civil rights,

4     including the right to vote.

5 28 U.S.C. § 1343(a).

6     None of these provisions apply to OCSC case no. A246780. It was not

7 commenced under 42 U.S.C. § 1985. It was not commenced to redress the

8 deprivation of a federal right. It was not commenced to obtain relief under any

9 federal civil rights laws. Rather, this state conservatorship case was commenced to

10 determine who, if anyone, should serve as a conservator for Nate Tseglin.

11 **D.**    **<u>Jurisdiction under 28 U.S.C. § 1443.</u>**

12     Section 1443(1) permits a defendant in state cases to remove the proceedings

13 to the federal district courts when a defendant is "denied or cannot enforce in the

14 courts of such State a right under any law providing for the equal civil rights of

15 citizens in the United States." In order to successfully remove, the defendant must

16 satisfy a two-prong test: (1) the rights allegedly denied must arise under a federal

17 law providing for specific civil rights stated in terms of racial equality; and (2) the

18 defendant must be denied or unable to enforce the rights in state courts. <u>Johnson v.</u>

19 <u>Mississippi</u>, 421 U.S. 213, 219 (1975); <u>City of Greenwood, Miss. v. Peacock</u>, 384

20 U.S. 808, 827-28 (1966); <u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966). Under the

21 first prong, constitutional or statutory provisions of general applicability or statues

22 not protecting against racial discrimination will not suffice. <u>Johnson</u>, 421 U.S. at

23 219. Under the second prong, a defendant's federal rights are left to the state courts

24 except in rare situations where it can be clearly predicted that those rights will

25 inevitably be denied by the very act of bringing the defendant to trial in state court.

26 <u>Peacock</u>, 384 U.S. at 828.

27     Removing Party alleges that he has been the subject of "frivolous" and

28 "false" accusations by Department personnel (Dkt. 1 at 2) and a previous filing by

1    Robert Tseglin referred to "hate speech and defamation" against Petitioner (id. at

2    10).  He alleges an "inability to prevail" in state court against the Department. (Id.

3    at 2.) He does not, however, allege that any adverse action has been taken against

4    him in state court due to his race.

5         These vague assertions of unfairness in state court are insufficient to invoke

6    this Court's jurisdiction and section 1443.  Removing Party "must assert that the

7    state courts will not enforce [a specified federal] right, and that allegation must be

8    supported by reference to a state statute or a constitutional provision that purports to

9    command the state courts to ignore the federal rights." People of State of California

10   v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).  Removing Party has failed to

11   identify any specific state statute or constitutional provision that commands the

12   state courts to ignore his federal rights.  See HSBC Bank USA v. Kubik, No. 13-

13   1692, 2013 WL 1694670, at *3 (C.D. Cal.Apr.16, 2013) ("Defendant Kubik does

14   not, and cannot, identify any California state law or constitutional provision that

15   commands state courts to ignore an amendment to the U.S. Constitution.").  As

16   noted above, California's vexatious litigant statutes do not facially violate any

17   federal rights.  Consequently, removal is not proper under section 1443(1).

## IV.

## CONCLUSION

20        This Court does not have subject matter jurisdiction over this case.  IT IS

21   THEREFORE ORDERED that this matter be REMANDED to the Superior Court

22   of the State of California for the County of Orange.

24   DATED: February 6, 2017

                                                _____
26                                              DAVID O. CARTER
27                                              United States District Judge

Presented by:

_Karen E. Scott_
KAREN E. SCOTT
United States Magistrate Judge